UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HARRY NYEMAH,<br><br>    Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 4:24-CV-04057-01-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner Harry Nyemah, representing himself, has filed a petition for a writ of error coram nobis. Docket No. 1. This court has screened Mr. Nyemah's petition and believes it should be dismissed.

## FACTS

Mr. Nyemah was indicted and charged with firearms offenses on January 4, 2022. See United States v. Nyemah, 4:22-CR-40003-KES, Docket No. 1 (D.S.D.) (hereinafter "CR"). Mr. Nyemah is not a United States citizen and was born in West Africa/Ivory Coast. CR Docket No. 5 at p. 1.

An initial appearance for Mr. Nyemah was held on that indictment on January 12, 2022. CR Docket No. 7. At that hearing, the undersigned advised Mr. Nyemah that if he were convicted of the offenses charged in the indictment he could be deported from the United States. Id.

Mr. Nyemah entered a plea of guilty pursuant to a written plea agreement on July 21, 2022. CR Docket No. 40. At that hearing and before Mr. Nyemah entered his guilty plea, the district court advised Mr. Nyeman that, because he was not a United States citizen, if he pleaded guilty, he may be deported, excluded or subject to voluntary departure from the United States and his conviction may prevent him from obtaining United States citizenship in the future. Mr. Nyemah stated he understood this. Thereafter, Mr. Nyemah pled guilty. The district court found his plea to be voluntarily and intelligently made and accepted the plea of guilty.

Mr. Nyemah was sentenced on November 1, 2022. CR Docket No. 59. In June 2023, Mr. Nyemah received a notice to appear in immigration court. Docket No. 1 at p. 2. On December 19, 2023, he received a final order of removal from the United States. Id.

In his petition, Mr. Nyemah asserts a collateral attack on his November 2022 conviction, asserting that conviction should be overturned because he did not know he could be deported if he pled guilty. Docket No. 1. He asserts his lawyer in his criminal proceedings failed to tell him that a potential penalty if he pled guilty could be deportation. Id.

Mr. Nyemah acknowledges that his petition does not meet the one-year statute of limitations for bringing a motion to vacate, correct, or set aside his conviction under 28 U.S.C. § 2255. Id. at p. 2. However, he claims he should be allowed to seek relief by filing a petition for a writ of coram nobis because he did not know he could be deported until December 19, 2023, so he could not

have raised this argument prior to the November 1, 2023, deadline for filing a § 2255 petition.  Id.

## DISCUSSION

Rule 4 of the rules governing § 2255 motions requires this court to review Mr. Nyemah's petition to determine if he is entitled to relief.  True, Mr. Nyemah has not cited § 2255 as the source of his request for relief.  But "p[]risoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning . . . [T]he name makes no difference.  It is substance that controls."  Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

Here, Mr. Nyemah claims he did not know he could be deported if he were convicted of the offense charged.  Docket No. 1 at p. 2.  He claims his lawyer did not tell him this was a consequence of his plea.  Id.  However, the record from Mr. Nyemah's criminal matter demonstrates that this magistrate judge and the district judge both advised Mr. Nyemah of the possibility of deportation separately on two occasions, several months apart.  CR Docket No. 7 (Jan. 12, 2022); CR Docket 57 (July 21, 2022, at 11:07:07 to 11:07:24 a.m.).  A plea does not become unknowing or involuntary if counsel failed to advise a defendant of a particular consequence of pleading guilty, but the court *did* so advise the defendant.

When a prisoner asserts an ineffective assistance of counsel claim, as Mr. Nyemah attempts to do here, he must show (1) deficient performance by counsel and (2) that he was prejudiced by counsel's deficient performance.

3

Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). Here, assuming it is true that Mr. Nyemah's counsel failed to tell him that deportation was a potential consequence of his plea, Mr. Nyemah cannot show prejudice because this magistrate judge advised him that deportation was a potential penalty at his initial appearance and the district judge advised him that deportation was a potential penalty at his change of plea hearing. Despite being so advised, Mr. Nyemah nevertheless knowingly and voluntarily pleaded guilty.

Furthermore, Mr. Nyemah's petition is time-barred. Section 2255 motions must be brought within one year of the date the conviction became final. See 28 U.S.C. § 2244(d)(1) and (2). Mr. Nyemah was sentenced November 1, 2022. His conviction became final November 15, 2022. FED. R. APP. PRO. 4(b)(1)(A). Therefore, he had until November 15, 2023, to file a § 2255 motion. See 28 U.S.C. § 2244(d). He did not file until March 29, 2024. See Docket No. 1.

The statute of limitations in a § 2255 matter is not jurisdictional—that limitations period can potentially be equitably tolled under certain limited circumstances. Holland v. Florida, 560 U.S. 631, 649 (2010) However, even if Mr. Nyemah could demonstrate that he was entitled to have the statute of limitations tolled, his claim fails on the merits because of his inability to show Strickland prejudice.

Finally, even if the court takes Mr. Nyemah's petition at face value and considers it as a petition for a writ of coram nobis, Mr. Nyemah cannot meet

4

the exacting standard for issuance of such a writ. The scope of coram nobis is more limited than the scope of § 2255: "*coram nobis* is an extraordinary remedy available at the far end of a post-conviction continuum only for the 'most fundamental errors,' . . . ." Baranski v. United States, 880 F.3d 951, 956 (8th Cir. 2018) (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)); Kandiel v. United States, 964 F.2d 794 (8th Cir. 1992).

Here, a claim that counsel failed to tell Mr. Nyemah that he could be deported if he pleaded guilty while two judges *did* tell Mr. Nyemah he could be deported if convicted, does not constitute that rare category of cases involving the most fundamental errors for which a writ of coram nobis may be issued. Accordingly, this magistrate judge concludes Mr. Nyemah's petition should be dismissed without serving the same on the United States and requiring a response thereto.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that Mr. Nyemah's petition be dismissed.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in

the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 29th day of March, 2024.

                          BY THE COURT:

                          */s/ Veronica L. Duffy*

                          VERONICA L. DUFFY
                          United States Magistrate Judge